

```
FILED
NOV - 9 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WILLIAM ANDREW MERRITT,

    Petitioner,

v.                                    CRIMINAL ACTION NO. 4:10-cr-54

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is William Andrew Merritt's ("Petitioner") motion, through counsel, pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. ECF No. 65. The Government opposed the motion and Petitioner replied. ECF Nos. 69, 73. Therefore, the matter is now ripe for judicial determination. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

                I.    FACTUAL AND PROCEDURAL HISTORY

On April 14, 2010, a federal grand jury returned a one-count Indictment charging Petitioner with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2) (Count One). ECF No. 1. On March 16, 2010, Petitioner pleaded guilty to Count One of the Indictment. ECF Nos. 12, 13. According to Petitioner's Presentence Investigation Report ("PSR"), the parties stipulated to no written plea agreement. ECF No. 20 at ¶ 2-3. In Petitioner's Statement of Facts ("SOF"), Petitioner agreed that, on March 11, 2010, a woman called the police to report that a man at the Traveler's Inn in Newport News, Virginia had threatened her with a gun. ECF No. 13 at ¶ 1. When the police arrived, Petitioner walked out of the front entrance of the

Traveler's Inn and, when police asked for his name, Petitioner stated, "the guy you just got called about." *Id.* at ¶ 2. When the police attempted to pat Petitioner down for weapons, Petitioner ran into his room. *Id.* at ¶ 3. The police chased Petitioner into the room and when Petitioner exited the bathroom the officer entered the bathroom and found a semi-automatic handgun in plain view in a green storage container. *Id.* at ¶ 3-4. When asked, Petitioner stated that the gun belonged to him. *Id.* at ¶ 6. In his SOF, Petitioner also agreed that he had been "convicted in 1998 for Possession of Stolen Goods, in 2002 for Robbery in the Second Degree, and in 2008 for Eluding Police, which are felony crimes punishable by imprisonment for a term exceeding one year." *Id.* at ¶ 8.

On November 29, 2010, the Court held a sentencing hearing where the Court accepted the Petitioner's guilty plea and SOF. ECF No. 22. The Court then imposed a 66-month sentence on Count One followed by three years of supervised release. ECF No. 23. Petitioner appealed his sentence, arguing that the Court erred in finding that he assaulted a law enforcement officer in the course of the offense. ECF Nos. 24, 26. However, on August 10, 2011, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the district court's decision. *See United States v. Merritt*, 442 F. App'x 790, 791 (4th Cir. 2011); ECF No. 39.

On August 4, 2015, Petitioner started his period of supervised release. On December 8, 2015, the Probation Officer filed a Petition of Supervised Release alleging that the Petitioner violated mandatory conditions. ECF No. 41. On January 28, 2016, Petitioner was sentenced to eighteen (18) months incarceration for violating the terms of his supervised release. ECF Nos. 51, 52. On May 26, 2017, Petitioner started his second period of supervised release.

On April 30, 2018, Petitioner pleaded guilty in the U.S. District Court for the Eastern District of Virginia/Newport News Division to Felon in Possession of Firearm (offense date August 31, 2017). *See United States v. William A. Merritt*, No. 4:18cr16-1, Dkt. 35, 36 (E.D. Va.

2

October 1, 2020 ("No. 4:18cr16"). On September 27, 2018, the Court sentenced Petitioner to seventy-eight (78) months imprisonment to be served consecutively to No. 4:10cr54. *See Id. at* ECF No. 55.

On June 5, 2018, a Petition on Supervised Release was filed alleging that Petitioner violated the conditions of his release which included possessing a firearm while a convicted felon. ECF No. 53. On July 16, 2018, the Court revoked Petitioner's second period of supervised release and sentenced Petitioner to 18-months incarceration to run consecutive to his sentence for the 2018 conviction for being a felon in possession. ECF Nos. 63, 64; *see* No. 4:18cr16. Petitioner is incarcerated at the United States Penitentiary Big Sandy, a high-security federal prison in Kentucky. Petitioner is scheduled to be released on September 3, 2024.

On June 19, 2020, Petitioner filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255 for his 2010 offense. ECF Nos. 65. The United States opposed the motion on August 24, 2020. ECF No. 69. On September 30, 2020, Petitioner filed a reply to the United States' opposition. ECF No. 73. Therefore, the matter is now ripe for judicial determination.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Guilty Pleas' Effect on 2255 Motions

Guilty pleas are "'grave and solemn act[s] to be accepted only with care and discernment.'" *United States v. Moussaui*, 591 F.3d 263, 278 (4th Cir. 2010) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). As such, when a defendant makes a knowing and voluntary guilty plea, that

4

person "'waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.'" *Id.* at 279 (quoting *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004)).

Moreover, a guilty plea generally limits collateral attacks to "whether the plea was counseled or voluntary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1295 (4th Cir. 1992) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). As such, a claim of ineffective assistance prior to the guilty plea may undermine that plea. *Id.* However, claims of ineffective assistance when there is a guilty plea on the record must meet a higher burden beyond the normal *Strickland* requirements. *See Strickland v. Washington*, 466 U.S. 668 (1984). When there is a guilty plea, in order to satisfy the prejudice prong, a defendant must show that but for counsel's ineffective assistance, he would not have pled guilty and would have gone to trial. *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Furthermore, any statements made under oath are binding on the defendant, including any statements that confirm satisfaction of counsel. *Fields*, 956 F.2d at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)).

### C. Evaluating § 922 (g) Claims Pursuant to *Rehaif*

Pursuant to 18 U.S.C. §§ 922(g)(1), it is unlawful for a person "convicted in any court, of crime punishable by imprisonment for a term exceeding for a year" to possess a firearm. In *Rehaif*, the Supreme Court held that in "a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019) (*emphasis added*).

The Fourth Circuit held that, on direct appeal, "a standalone *Rehaif* error [is examined] under plain error review because such an error is structural, which per se, affects a defendant's substantial rights." *United States v. Gary*, 954 F.3d 194, at 200 (4th Cir. 2020); *see also United States v.*

5

*Lockhart*, 947 F.3d 187, at 197 (4th Cir. 2020) (Holding that the district court made a plain error in the plea colloquy by not informing Petitioner of a mandatory minimum sentence if he pleaded guilty.). Moreover, the Fourth Circuit found that, because the plain error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings, [the Court] must exercise [its] discretion to correct the error." *Gary* at 200; *see also United States v. Olano*, 507 U.S. 725, at 732, (1993); *see also, United States v. Knight,* 606 F3d 171, 177 (4th Cir. 2010). In *Gary,* the Fourth Circuit applied *Rehaif* to hold that the district court erred in accepting defendant's guilty plea without first informing him that the government was required to prove that the defendant knew that he belonged to a class of persons barred from possessing a firearm. *Gary*, at 194. The Fourth Circuit held that the district court's failure to inform the defendant that the government was required to prove that the defendant knew he belonged to class of persons prohibited from possessing firearm was a structural error, and thus, substantially affected his rights. *Id.* at 207. Therefore, the Fourth Circuit vacated defendant's guilty plea and conviction. *Id.* at 208.

### III. DISCUSSION

#### A. **Petitioner's Motion is Untimely**

The Court finds that Petitioner's motion is untimely because he is no longer in federal custody for the sentence for which he seeks relief. On November 29, 2010, the Court imposed a 66-month sentence on Count One, for the instant matter, followed by three years of supervised release. ECF No. 23. On August 4, 2015, Petitioner started his period of supervised release and, on January 28, 2016, Petitioner was sentenced to eighteen (18) months incarceration for violating the terms of his supervised release. ECF Nos. 41, 51, 52. On May 26, 2017, Petitioner started his second period of supervised release. However, on April 30, 2018, Petitioner pleaded guilty to Felon in Possession of Firearm (offense date August 31, 2017). *See* No. 4:18cr16 at ECF Nos. 35, 36.

6

Accordingly, on June 5, 2018, a Petition on Supervised Release was filed for No. 4:10cr54 alleging that Petitioner violated the conditions of his release due to the 2018 conviction. ECF No. 53; *see* No. 4:18cr16. On July 16, 2018, the Court revoked Petitioner's second period of supervised release, for No. 4:10cr54, and sentenced Petitioner to 18-months incarceration to run consecutive to any sentence imposed for the 2018 conviction for being a felon in possession. ECF Nos. 63, 64; *see* No. 4:18cr16. On September 27, 2018, the Court then sentenced Petitioner, for the 2018 conviction, to seventy-eight (78) months imprisonment to be served consecutively to No. 4:10cr54. *See* No. 4:18cr16 at ECF Nos. 53, 55.

Consequently, Petitioner served his 18-month sentence for No. 4:10cr54 *prior* to serving his 78-month sentence for No. 4:18cr16. Petitioner is now serving his 78-month for his 2018 offense for No. 4:18cr16. Thus, Petitioner completed his 18-month sentence for No. 4:10cr54 prior to filing the instant motion and is not subject to supervised release for that sentence.

Therefore, Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 for his 2010 offense is untimely and moot because Petitioner is no longer serving a sentence for No. 4:10cr54. For the reasons stated above, Petitioner's § 2255 Motion is **DENIED**.

## B. Motion is Procedurally Defaulted

In the alternative, the Court finds that Petitioner's claim is procedurally defaulted. For the forgoing reasons, Petitioner's § 2255 Motion is also **DENIED**.

Petitioner argues that he was not advised in 2010 by counsel that an element of the § 922(g)(1) offense required the government to prove, beyond a reasonable doubt, that Petitioner knew that he was in a class of prohibited people who had been previously convicted of a crime punishable by a term of imprisonment exceeding a year. ECF No. 65 at 1. Specifically, Petitioner contends that pursuant to *Gary*, the "*Rehaif* error . . . in the context of a guilty plea constitutes structural error,"

7

and, thus, sustainably prejudiced the Petitioner. Petitioner claims that his plea agreement is constitutionally invalid because it was neither voluntary nor intelligent. ECF No. 65 at 7.

The Government argues Petitioner's claim is procedurally defaulted because Petitioner cannot demonstrate neither actual innocence nor cause and prejudice. ECF No. 69 at 7-18. In response, Petitioner does not contest actual innocence but, rather, argues that, pursuant to *Gary*, cause and actual prejudice exists because the *Rehaif* error is structural. ECF No. 73 at 9-14. The Government argues the Petitioner "cannot meet his burden to show that any *Rehaif* error had a 'substantial and injurious effect'" on his proceedings." ECF No. 69 at 18-19 (citing *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013)). Finally, the Government argues that *Gary* does not require the grant of habeas relief on collateral review. *Id.* at 19-22.

The issue at heart here is whether the Petitioner is procedurally defaulted from bringing this claim or whether his *Rehaif* claim is cognizable on collateral review. Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *Mikalajunas*, 186 F.3d at 492. While neither the Supreme Court nor the Fourth Circuit have made *Rehaif* retroactive to cases on collateral review, a habeas petition is cognizable when, based on a change in the law subsequent to his conviction, a defendant claims that his "conviction and punishment are for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, at 346 (1974); *see also Welch v. United States*, 136 S. Ct. 1257, 1267 (2016); *Teague v. Lane*, 489 U.S. 288 (1989). Moreover, while *Gary* left the question unanswered as to whether district courts could apply *Rehaif* retroactively, *Gary* determined that the *Rehaif* error is "structural" and does not require a case-specific showing of prejudice because it "per se affects a defendant's substantial rights." *Gary* at 200-02. This signals for district courts a substantive change in law that allows a Petitioner to show cause and prejudice to overcome procedural default for

8

*Rehaif* claims. *See e.g., Karlton Ray Cherry v. United States,* 2:17cr145, Dkt. 55 (E.D. Va. November 4, 2020); *but see, McCauley v. United States,* 1:13cr423, 2020 5881270, at *7 (M.D. N.C. Sept. 4, 2020). Accordingly, a petitioner's default for *Rehaif* claim on collateral review "may be excused in two circumstances: where [Petitioner] can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice resulting therefrom." *United States v. Fugit,* 703 F.3d 248, 253–54 (4th Cir. 2012) (quoting *Bousley v. United States,* 523 U.S. 614, 621–22 (1998)). The Court will examine these issues in turn.

### 1. Petitioner Did Not Establish Actual Innocence

First, the Court finds that Petitioner has not established actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623 (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623–24 (citing *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)). Petitioner has not argued that he is innocent in violating § 922(g). Where Petitioner fails to provide any factual allegations to support this claim, the Court cannot grant such a claim. *See Nickerson v. Lee,* 971 F.2d 1125, 1136 (4th Cir 1992). Furthermore, a claim of actual innocence is best addressed under a § 2241 Motion.

### 2. Petitioner has Actual Cause

Second, the Court finds that Petitioner has actual cause. While the Government argues that Petitioner has not raised a novel claim, Petitioner argues that he is raising a *Rehaif* claim which was not recognized by courts when Petitioner was convicted. *Rehaif* held that the *mens rea* or knowledge element of § 922(g) convictions requires the government to prove beyond reasonable doubt that the defendant both knew he possessed a firearm *and that he knew* of the status. Notably, *Rehaif* rejected the Government's contention that Congress had already "expected defendants

9

under § 922(g) and § 924(a)(2) to know their own statuses [and, thus, that the] provisions before [the Court] were construed to require no knowledge of status." *Rehaif* at 2197. Therefore, the Supreme Court found that *Rehaif* claims were novel because neither Congress nor courts recognized them before *Rehaif*.

Moreover, pursuant to *Reed*, *Rehaif* overturns "a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower courts has expressly approved." *Reed v. Ross*, 468 U.S. 1, at 17 (1984). That is, cause exists where a "claim is so novel that its legal basis [was] not reasonably available to counsel." *Id.* at 16. *Rehaif* clarified that courts must inform a defendant of the Government's burden to prove that a defendant knew of their prohibited status for § 922(g) convictions.

Finally, this case is distinguishable from *Apprendi*, where the Court found that defendants could not establish cause for failing to raise *Apprendi* claims because defendants "had been making *Apprendi*-like arguments ever since the guidelines came into being." *United States v. Sanders*, 247 F.3d 139, 145 (4th Cir. 2001). Here, the Court finds that defendants had not been making *Rehaif*-like claims to challenge § 922(g)'s knowing requirement prior to *Rehaif* because the claim was not available to counsel or defendants. *Rehaif* at 2197. Accordingly, Petitioner has actual cause.

### 3. <u>Petitioner Does Not Have Actual Prejudice</u>

Third, however, the Court finds that Petitioner does not have actual prejudice. The "actual prejudice" inquiry focuses on "the errors of which [the movant] complains." *United States v. Frady*, 456 U.S. 152, at 168 (1982). Particularly, the Court must examine whether a movant can establish "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). "The degree of prejudice we have required a prisoner to show" is whether "the resulting conviction violates due process." *Frady* at 169. With respect to challenges

to guilty pleas, the Supreme Court held that if a defendant's guilty plea is not "equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). Similarly, in *Henderson*, the Supreme Court held that the violation of a defendant's right to be advised of all elements of an offense rendered a guilty plea "involuntary and the judgment of conviction was entered without due process of law." *Henderson v. Morgan*, 426 U.S. 638, at 647 (1976); *see also Bousley*, 523 U.S. at 618-19 (guilty plea to § 924(c)(1) offense without correct understanding of elements was constitutionally invalid). That is, "[w]here a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard [of due process] is not met and the plea is invalid." *Bradshaw v. Stumpf*, 545 U.S. 175, at 183 (2005). Most recently, and specific to the instant case, *Gary* held that a guilty plea to a § 922(g) offense without informing defendant of the element acknowledged in *Rehaif* was both a structural error and resulted in the denial of due process, both of "which per se affects a defendant's substantial rights." *Gary*, 954 F.3d at 200 (citing *Olano*, 507 U.S. at 732; *United States v. Knight*, 606 F.3d 171, 177 (4th Cir. 2010)).

However, on collateral review, the prejudice standard is more difficult to establish. *See Frady*, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review [a] § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"); accord *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) ("hold[ing] that the *Frady* cause and prejudice standard applies to ... collateral challenges to unappealed guilty pleas"). When raising a forfeited attack on a guilty plea, a defendant can only demonstrate that an error affected his substantial rights or establish prejudice on collateral review by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. 74, 76 (2004). A defendant must satisfy this standard even if he

11

establishes that the district court committed an error in his plea colloquy. *See, e.g., United States v. Cannady*, 283 F.3d 641, 647–48 (4th Cir. 2002).

Here, Petitioner directly appealed his sentence arguing that the district court erred in finding that he assaulted a law enforcement officer in the course of the offense. ECF Nos. 24, 26. However, Petitioner did not raise the *Rehaif* issue. Thus, even if there was an error, Petitioner must show that any error prejudiced his substantial rights.

### a) *There was an Error*

The Court's acceptance of Petitioner's plea and SOF was an error because it did not contain the required *Rehaif* knowledge element showing that Petitioner knew of his prohibited status. *See* ECF No. 13; *See also* ECF No. 20 at ¶ 2-3 (On March 16, 2010, Petitioner pleaded guilty and parties stipulated to no written plea agreement.). Federal Rule of Criminal Procedure 11 requires that before accepting a guilty plea, the Court must inform a defendant of, and confirm that he understands, the nature of the charge to which he is pleading. Fed. R. Crim. P. 11(b)(G). Rule 11's purpose is to ensure that a defendant is fully informed of the nature of the charges against him and the consequences of his guilty plea. *See* Fed. R. Crim. P. 11(b). However, the Court's acceptance of Petitioner's plea without informing him that the government was required to prove an additional element was error that violated the requirements of Rule 11. *See Lockhart*, 947 F.3d at 196. At the time of Petitioner's guilty plea, the parties and the district court relied on the Court's decision in *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (*en banc*), abrogated by *Rehaif*, 139 S. Ct. at 2191, wherein the Court held that knowledge of one's prohibited status was not a required element of a § 922(g) offense. Accordingly, this element was missing from the Petitioner's plea agreement and Statement of Facts. ECF Nos. 23, 26, 27. After *Rehaif*, and nine years after Petitioner was sentenced and he appealed, the Fourth Circuit decided *Lockhart*, holding that it is

plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense. *Lockhart*, 947 F.3d at 196. Therefore, there is an error here.

### b) *The Error Was Harmless and Did Not Prejudice Petitioner's Substantial rights*

Even if there is an error, the Court finds that Petitioner cannot show that there was prejudice because the error was harmless and did not affect his substantial rights. *See Olano* at 732. An error is harmless on collateral review unless it had a "substantial and injurious effect" on the defendant's conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013); accord *Barnes v. Thomas*, 938 F.3d 526, 533 n.3 (4th Cir. 2019) (explaining that the *Brecht* standard is a "'less onerous harmless-error standard' than the requirement on direct appeal that an error be proven 'harmless beyond a reasonable doubt'" (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993))). The error "'may be quantitively assessed in the context of other evidence presented [at trial] in order to determine whether [the error was] harmless beyond a reasonable doubt.'" *Gonzalez-Lopez*, 548 U.S. at 148, 126 S.Ct. 2557 (citing *Arizona v. Fulminante*, 499 U.S. 279 at 307–08 (1991)). Petitioner bears the burden of showing that the error was not harmless. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). To establish that a Rule 11 error has affected substantial rights, a Petitioner must "show a reasonable probability that, but for the error, he would not have entered the plea ... [and] satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine the confidence in the outcome' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, at 83 (2004) (citing *Strickland v. Washington*, 466 U.S. 668, at 694 (1984)).

At the same time, the Supreme Court has recognized that a conviction based on a constitutionally invalid guilty plea cannot be saved "even by overwhelming evidence that the defendant would have pleaded guilty regardless." *Dominguez Benitez*, 542 U.S. 74, at 84 n.10. For

example, in *Bousley*, the Supreme Court held that a guilty plea is constitutionally valid only to the extent it is "voluntary" and "intelligent." *Id.* at 618. A plea is not intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Id.* (citing *Smith v. O'Grady*, 312 U.S. 329, at 334 (1941)); *see also*, *Henderson*, 426 U.S. 637, at 645-46 (Holding that despite the Government having overwhelming evidence of defendant's guilt, the defendant's guilty plea to second degree murder was invalidated because defendant was not informed of the *mens rea* requirement.).

Unlike *Bousley*, the Court finds that, in the instant case, the record is overwhelming with evidence of the defendant's knowledge of his prohibited status. Thus, any error was harmless because it did not "affect[] the outcome of the district court proceedings." *Ramirez-Castillo*, 748 F.3d at 215 (citing *Olano*, 507 U.S. at 734). The *Rehaif* error was harmless because it did not deprive Petitioner's autonomy interest under the Fifth Amendment due process clause since the consequences were not "necessarily unquantifiable and indeterminate," or too difficult to measure. *United States v. Gonzalez-Lopez*, 548 U.S. 140, at 150 (2006).

First, Petitioner was aware that he was a felon at the time he unlawfully possessed the firearm giving rise to his § 922(g) conviction. According to his PSR, Petitioner explicitly admitted to the probation officer preparing the report in 2010 that he knew he was a convicted felon prohibited from having firearms. ECF No. 15. Specifically, Petitioner stated:

> "Police came to the Traveler's Inn because of a complaint about me, I started fighting a police officer because I did not feel like going to jail, they arrested me and later found a gun, the gun was mine *and I knew I was not supposed to have it [firearm] because I was a convicted felon.*"

*Id.* at ¶ 18. Petitioner received a three (3) level reduction for his acceptance of responsibility. *Id.* at 29 ("Worksheet C"). Accordingly, this evidence shows that Petitioner knew at the time he

entered his plea agreement that he was a convicted felon and that he knew he was not allowed to possess firearms. Critically, the defendant did not object to this statement in his PSR.

Second, at his sentencing hearing on November 29, 2010, Petitioner's sole objection to the PSR was to the six-level enhancement that Petitioner received for assaulting a police officer. ECF No. 33 at 3. Additionally, the Court granted the Government's motion give Petitioner an additional point reduction for Petitioner's acceptance of responsibility, as noted in his PSR. *Id.* at 8. Moreover, Counsel on behalf of Petitioner stated that "[Petitioner] had a gun [and] he knew it was wrong." *Id.* at 12. Therefore, Petitioner did not object to the PSR, regarding his statement that he knew he was not allowed to possess a firearm and admitted at the sentencing hearing that he knew he was not supposed to possess it.

Third, in his SOF, Petitioner agreed that he was convicted in "1998 for Possession of Stolen Goods, in 2002 for Robbery in the Second Degree, and in 2008 for Eluding Police, which are felony crimes punishable by imprisonment for a term exceeding one year." To be sure, a stipulation, standing alone, does not foreclose a *Rehaif* claim, because one can stipulate that he was a felon without stipulating that he knew he was a felon. However, as various sister courts have found, stipulations are one factor among many that may be probative of the defendant's knowledge of his prohibited status. *See, e.g., United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020) ("A jury could infer from Raymore's stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g) conviction."); *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019) (noting the significance of the defendant's stipulation to prior felonies).

Fourth, the Petitioner's state record, as documented in the PSR, demonstrates that he was aware of his prohibited status. The Court found his criminal history category to be V. ECF No. 15 ¶ 87. Indeed, prior to his March 2010 arrest for this case, he had been convicted of at least three prior

felonies. Id. ¶ 30-31. In short, the Petitioner had served substantial time in prison which is probative of the fact that Petitioner was aware that he had been convicted of a crime punishable by more than one year in prison and that he knew he could not possess a firearm. Accordingly, consistent with sister jurisdictions, this Court finds that Petitioner's previous felony convictions made him aware of his membership in the prohibited class of people under § 922(g)(1). *See, e.g., Raymore,* 965 F.3d at 486 (6th Cir. 2020) (holding defendant could not show plain error after a jury trial in light of past felony convictions, including for being a felon in-possession); *United States v. Huntsberry*, 956 F.3d 270, 285 (5th Cir. 2020) (stating that "there is little possibility that [a defendant] was ignorant of his status as a convicted felon" when he had previously been convicted of a felony sex offense and received a two-year suspended sentence); *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) ("The PSR shows that [defendant's] prior [felony] conviction… removes any doubt that [defendant] was aware of his membership in § 922(g)(1)'s class."); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (holding that defendant could not show plain error necessary to vacate his guilty plea where the PSR indicated that he "had served a minimum of 18 years in prison before being arrested for possessing the firearm"); *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019), cert. denied, 140 S. Ct. 2545 (Mar. 23, 2020) (defendant could not show *Rehaif* error in light of having served a four-year prison sentence).

Accordingly, the Court finds that any *Rehaif* error did not violate Petitioner's right to make a fundamental choice regarding his own defense in violation of his Sixth Amendment autonomy interest or to be the "master of his own defense." *McCoy v. Louisiana*, 138 S. Ct. 1500, at 1508 (2018). Here, the *Rehaif* error was not substantial "on the ground that fundamental unfairness results when a defendant is convicted of a crime based on a constitutionally invalid guilty plea."

16

*Gary* at 207 (citing *Gideon v. Wainwright*, 372 U.S. 335, at 343–45 (1963)). Unlike *Gary*, Petitioner in this case did not "waive[] his trial rights after he was misinformed regarding the nature of a § 922 offense and the elements the government needed to prove to find him guilty." *Gary* at 207. Pursuant to *Rehaif*, "the defendant's status is the 'crucial element' separating innocent from wrongful conduct." *Rehaif*, 139 S. Ct. at 2197. Here, Petitioner was not innocent and, thus, the Court did not "deny him any opportunity to decide whether he could or desired to mount a defense to this element of his § 922(g)(1) charges" because Petitioner accepted responsibility and made a "knowing and intelligent decision regarding his own defense." *Gary* at 207. Petitioner's right to make an informed decision about whether to plead guilty or to exercise his right to go to trial was not abrogated because he knew of his prohibited status.

The Court's finding is consistent with its previous decisions. For example, the Court denied a petitioner's § 2255 based on § 922(g)(1) *Rehaif* claim because the Court found that the petitioner was informed in his plea agreement, plea hearing, and by defense counsel of the element acknowledged in *Rehaif*. *See United States v. Ernest Dwayne Riley*, No. 2:19cr124, Dkt. 57 (E.D. Va. October 27, 2020); *See Id.* at ECF No. 27 at ¶ 3 (Defendant agreed that he "knew about his conviction and had not had his right to possess a firearm restored."). Similarly, in another case, the Court also denied a petitioner's § 2255 based on § 922(g)(1) *Rehaif* because the Court found that the petitioner agreed that he willingly and knowingly possessed the firearm in violation of the statute. *See United States v. James C. Lamb*, No. 2:17cr35, Dkt. 53 (E.D. Va. October 22, 2020); *See Id.* at ECF No. 19 (Defendant agreed that "in furtherance of the offenses charged in the [] Indictment…were done willfully and knowingly with the specific intent to violate the law.").

Therefore, the Court finds that any *Rehaif* error was harmless because it did not prejudice Petitioner's substantial rights.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport New, Virginia
November 9, 2020

Raymond A. Jackson
United States District Judge